13-3212-cr
*United States v. Nugent*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand and fourteen.

PRESENT:
>BARRINGTON D. PARKER,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*,
>MICHAEL P. SHEA,
>>*District Judge*.[*]

---

UNITED STATES OF AMERICA,

>>*Appellee*,

>- v. -                                                           No. 13-3212-cr

BYRON NUGENT, AKA PAUL CAMPBELL, AKA PAUL MOORE, AKA DRED,

>>*Defendant-Appellant*.

---

>>ANDREW FREIFELD, Law Offices of Andrew Freifeld, New York, NY, *for Defendant-Appellant*.

---

[*] The Honorable Michael P. Shea, of the United States District Court for the District of Connecticut, sitting by designation.

MONICA J. RICHARDS, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, *for Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

On February 21, 2013, defendant-appellant Byron Nugent pled guilty to one count of possessing with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). On August 8, 2013, the United States District Court for the Western District of New York (Geraci, *J.*) sentenced Nugent principally to 135 months' imprisonment, consistent with Nugent's plea agreement, in which the parties agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that 135 months was an appropriate prison term. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Nugent appeals the district court's denial of his post-plea, pre-sentencing request to substitute counsel. On March 26 and April 8, 2013, Nugent sent letters to the district court expressing his dissatisfaction with Robert J. Smith, his attorney from the Federal Defender's Office in Rochester, on the ground that Smith had refused Nugent's requests to file a motion to withdraw his guilty plea. On May 16, 2013, Jeffrey L. Ciccone, an attorney in the same office, noticed an appearance on Nugent's behalf and indicated that the case had been reassigned to him because Smith was ill. On June 2, 2013, Nugent wrote to the district court reiterating his desire to withdraw his guilty plea and asking whether he had, in fact, been appointed new counsel given that Ciccone was from the same office as Smith. The district court replied to Nugent on June 4, 2014, indicating that Ciccone had

2

been assigned to his case because Smith was ill, and that Nugent "ha[d] presented no basis for the Court to remove the Federal Public Defender's Office from your case. Consequently, your request for new counsel is denied." J.A. 79. On June 13, 2013, Nugent again wrote to the district court, seeking to withdraw his guilty plea and suggesting that Ciccone would not file a motion to do so because of a conflict of interest. After sentencing was adjourned so that Ciccone could investigate Nugent's claim that he was born in the U.S. Virgin Islands, the district court proceeded with sentencing on August 8, 2013, at which time the court again denied Nugent's request for substitute counsel and informed him that there was no basis to allow him to withdraw his guilty plea.

We review a district court's denial of a motion to substitute counsel for abuse of discretion. *United States v. Jones*, 482 F.3d 60, 75 (2d Cir. 2006). In conducting this review, we examine four factors: "'(1) whether [the] defendant made a timely motion requesting new counsel; (2) whether the trial court adequately inquired into the matter; . . . (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense'; and (4) if there was such a breakdown, 'whether the defendant substantially and unjustifiably contributed.'" *Id.* (citations omitted) (quoting *United States v. Doe*, 272 F.3d 116, 123 (2d Cir. 2001)).

Nugent primarily argues that the district court failed to inquire adequately into the basis for his motion. We disagree. "[W]hen, for the first time, an accused makes known to the court in some way that he has a complaint about his counsel, the court must rule on the matter. *If the reasons are made known to the court, the court may rule without more*." *United States v. Simeonov*, 252 F.3d 238, 241 (2d Cir. 2001) (quoting *McKee v. Harris*, 649 F.2d 927, 933 (2d Cir. 1981)) (alteration in original; internal quotation marks omitted). The district court was made aware of Nugent's

3

complaints both in writing and at the sentencing hearing, and the record shows that the district court fully understood why Nugent sought new counsel to file a motion to withdraw his plea.

Nugent also failed to lodge any "substantial complaint" about his counsel's performance that might have necessitated a more searching inquiry. *United States v. Hsu*, 669 F.3d 112, 123 (2d Cir. 2012). Nugent claimed that he had not engaged in relevant conduct involving 3.5 to 5 kilograms of cocaine, and that Smith had not adequately explained how admitting to such conduct would affect his sentencing exposure. These contentions, however, contradicted Nugent's sworn statements during his plea colloquy that he had engaged in conduct involving 3.5 to 5 kilograms of cocaine and understood how his Guidelines offense level was calculated. *See United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d Cir. 1992) (finding no basis for withdrawing guilty plea where defendant's "unsupported allegations . . . merely contradicted [his] earlier statements made under oath at his plea allocution"). Nugent also objected that Smith had failed to file a motion to suppress post-arrest statements in which Nugent allegedly admitted to conduct involving several kilograms of cocaine. But Nugent's claim that he did not receive a *Miranda* warning before making those statements was contradicted by a sworn affidavit from the DEA agent who questioned him, and Smith was not required to file a motion that he believed was unlikely to succeed. *See United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987).

Turning to the other relevant factors, Nugent's motion was untimely. He had expressed satisfaction with Smith's representation at the time of his guilty plea, and the grounds on which he sought to withdraw his plea—i.e., Smith's failure to file a suppression motion or to explain adequately how the quantity of cocaine involved in Nugent's conduct impacted his Guidelines range—were known to him before he pled guilty; the same plea offer had been on the table for

4

thirteen months before Nugent accepted it. Additionally, although Nugent and his counsel disagreed on the appropriateness of filing a motion to withdraw his plea, there was no evidence of a breakdown in communication. *See Simeonov*, 252 F.3d at 242. To the contrary, Nugent's letters to the district court indicated that he had received responses from Smith rejecting his request to file a motion to withdraw his guilty plea, and he evidently communicated with Ciccone, who investigated his claim that he may have been born in the Virgin Islands. We therefore conclude that the district court did not abuse its discretion in denying Nugent's motion to substitute counsel.

We have reviewed Nugent's remaining contentions and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5